**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1976**

WILLIAM T. HANCOCK, SR.,

Plaintiff - Appellant,

v.

AMERICO FINANCIAL LIFE AND ANNUITY INSURANCE COMPANY; INVESTORS LIFE INSURANCE COMPANY OF NORTH AMERICA; AMERICO LIFE, INC.,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:16-cv-00350-FL)

Submitted: April 30, 2018                                    Decided: May 25, 2018

Before MOTZ, DIAZ, and THACKER, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

John Alan Jones, H. Forest Horne, Jr., Karl J. Amelchenko, MARTIN & JONES, PLLC, Raleigh, North Carolina, for Appellant. Debbie W. Harden, Jackson R. Price, WOMBLE CARLYLE SANDRIDGE & RICE, PLLC, Charlotte, North Carolina; Roger B. Cowie, Carl C. Scherz, Taylor F. Brinkman, LOCKE LORD LLP, Dallas, Texas, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Hancock, Sr., seeks to appeal the district court's order dismissing his putative class action complaint without prejudice for failure to state a claim upon which relief can be granted. Hancock brought breach of contract, fraud, state RICO, and unfair and deceptive trade practices claims against Americo Financial Life and Annuity Insurance Company, Investors Life Insurance Company of North America, and Americo Life, Inc., arising out of a life insurance policy Hancock purchased in 1985.

Although not raised by the parties, we have an independent obligation to determine whether subject-matter jurisdiction exists. *See Hamilton v. Pallozzi*, 848 F.3d 614, 619 (4th Cir.), *cert. denied*, 138 S. Ct. 500 (2017). This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–46 (1949). "An order dismissing a complaint without prejudice is not an appealable final order under § 1291 if the plaintiff could save his action by merely amending his complaint." *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015); *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066-67 (4th Cir. 1993).

The district court dismissed Hancock's complaint without prejudice, specifically stating that several of his claims failed to plead sufficient facts, including his breach of contract claim for excessive insurance charges, breach of the implied covenant of good faith and fair dealing, fraud, and unfair and deceptive trade practices. *See Goode*, 807 F.3d at 624 (holding that this Court lacks jurisdiction over appeals "in cases in which the

2

district court granted a motion to dismiss for failure to plead sufficient facts in the complaint . . . because the plaintiff could amend the complaint to cure the pleading deficiency"). While the court added that the plaintiff's tort allegations also fail because they are indistinguishable from his breach of contract action, we see no reason why an amendment could not cure this defect. *Accord Domino Sugar*, 10 F.3d at 1067 ("a plaintiff may not appeal the dismissal of his complaint without prejudice unless the grounds for dismissal clearly indicate that 'no amendment in the complaint could cure the defects in the plaintiff's case.'"). As such, the district court's order is not a final order appealable under § 1291, and we lack jurisdiction over the appeal.

We therefore dismiss the appeal and remand the case to the district court with instructions to allow Hancock to amend his complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*

3